

# United States Department of the Interior

**NATIONAL PARK SERVICE**
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

IN REPLY REFER TO:

APR - 7 2004

Rev. Patrick Mahoney
Director, Christian Defense Coalition
P.O. Box 77168
Washington, D.C. 20013

Dear Rev. Mahoney:

This responds to your demonstration application 04-0754, received January 20, 2004, requesting the use of various park areas from 8:00 a.m. to 4:00 p.m. on April 25, 2004, to conduct a "prayer vigil and demonstration to speak out against abortion." Specifically, your initial application sought the use of Constitution Avenue's south sidewalks from 3rd to 21st Streets, for 100 to 2,000 participants to engage in prayer and "holding signs standing for the dignity of life and speaking against abortion." On February 2, 2004, you amended your application to request use of the National Mall's Madison Drive's south sidewalk, Jefferson Drive's north sidewalks, and the National Mall's 4th-14th Street east and west sidewalks. On March 17, 2004, you again amended your application to request use of the National Mall's Madison Drive's north sidewalk, Jefferson Drive's south sidewalks, along with an additional display of a four by eight foot hand-held helium-inflated "20 week old child." You also indicated that other groups organized by Mr. Randall Terry's Society For Truth And Justice as well as Silent No More could be joining your demonstration, which would then bring a total of between 3,000 to 5,000 participants, who you propose would line the sidewalks with hand-held signs "standing for the dignity of life and speaking against abortion."

The National Park Service reviews applications for demonstrations based on 36 C.F.R. §7.96(g). All applications are processed in order of receipt, and the use of a particular area is allocated in order of receipt of fully executed applications. And while most demonstration applications are "deemed granted" after 24 hours of receipt, all applications are subject to denial/revocation as set forth under 36 C.F.R. §7.96(g)(6), (4), (5).

To begin with, from discussions with you at our meetings and the changes made in your application, it is clear that your activities are a counter-demonstration directed toward the March For Women's Lives own large-scale demonstration which asserts "freedom of choice." And as you know, the March For Women's Lives submitted their demonstration application 04-0115 back on April 23, 2003 for use of the entire National Mall from 3rd to 14th Streets. The March For Women's Lives, organized by the Planned Parenthood Federation of America, NARAL Pro-Choice America, Feminist Majority, and the National Organization For Women, is expected by organizers to bring 750,000 participants and will need the Mall and its sidewalks for their event.

1

EXHIBIT G

Indeed, the March For Women's Lives permitted demonstration will center on the National Mall with massive rallies from two separate stages along with a march across the Ellipse and various city streets.

We are pleased to issue the enclosed permit 04-0754, authorizing the use Federal park areas of Constitution Avenue's south sidewalks from 3rd to 21st Streets. Pursuant to 36 C.F.R. §7.96(g)(6), (4)(iii)(A)(B)(C), however, we must deny portions of your application for all of the National Mall's sidewalks from 4th-14th Streets: Madison Drive's north and south sidewalks, Jefferson Drive's north and south sidewalks, and the 4th-14th Street's east and west sidewalks.

As we detailed earlier, March For Women's Lives demonstration will be occurring on the National Mall from 3rd-14th Streets for the same times you requested. Further, given the size and scope of the March's permitted demonstration—along with its anticipated immense crowd of 750,000 participants—and based on our experience during the large demonstrations such as the 1997 Promise Keepers and 1995 Million Man March, the National Mall and its sidewalks cannot reasonably permit multiple occupancy.

Equally important, your proposed counter-demonstration consisting of between 100 to 2,000 participants and perhaps 3,000 to 5,000 participants would constitute an "unreasonable interference" of the March For Women's Lives permitted demonstration on the National Mall from 3rd-14th Street. This determination is fully consistent with past judicial decisions that confirm that just one or two counter-demonstrators unreasonably interfere with the permitted events of others on parkland. In Torossian v. Hayo, 45 F.Supp.2d 63 (D.D.C. 1999), appeal voluntarily dismissed No. 99-5127 (D.C. Cir. June 16, 1999), the District Court found that a two-person counter-demonstration "interfered with the activities carried on by the Million Man March pursuant to its Public Gathering Permit, and the Park Police acted well within their discretion in finding that such interference was unreasonable" to order them to move to another non-permitted location. Torossian, 45 F.Supp.2d at 8.

Indeed, the court in Torossian held that its situation was indistinguishable from Sanders v. United States, 518 F.Supp. 728 (D.D.C. 1981), aff'd without opinion 679 F.2d 262 (D.C. Cir. 1982). Sanders dealt with a lone demonstrator with signs who was inside an area under permit for the Christmas Pageant of Peace. The court in Torossian agreed with the court's analysis in Sanders, that a demonstrator "did not have a right to express his views by intruding into an area reserved for another event then in progress," and to the two governmental interests justifying preventing the interference by one demonstration into another group's permitted activity:

> The first concerns the safety, order, and convenience of those other
> citizens already participating in the preexisting event...
> Second, and more fundamentally, is the interest that citizens are
> guaranteed the right to participate in events or demonstrations of
> their own choosing without being subjected to interference by other
> citizens. A physical intrusion into another event for the purpose of
> interjecting one's own convictions or beliefs is by definition an

2

interference, regardless of how insubstantial or insignificant it might appear.

Torossian, 45 F.Supp.2d at 67, quoting Sanders, 518 F.Supp. at 729-30.

Torossian also confirmed that excluding a counter-demonstration from the permitted area of another is not a content-based regulation of speech. Rather, the court held that no judgment was being made regarding the counter-demonstrators' views "but rather the degree to which it interfered with the permitted activities of the Million Man March." And in the case of plaintiffs, the Park Police reasonably determined that this interference rose to the level of 'unreasonable interference' within the meaning of 36 C.F.R. § 7.96(g)(2)(i)." Moreover, citing Kroll v. United States Capitol Police, 847 F.2d 899 (D.C.Cir. 1988), the court found that the Park Police was enforcing a content-neutral National Park Service regulatory system, of which "[a] lawful and reasonable element of that permit scheme is the protection of a permitted demonstration's interest in being free of unreasonable interference from counter[-]demonstrators." Torossian, at 68.

Accordingly, beside that the Mall's sidewalks cannot reasonably permit multiple occupancy, we also believe that the counter-demonstration would interfere with the safety, order, and convenience of the participants to the preexisting March For Women's Lives demonstration on the National Mall. Moreover, Federal parkland in Washington, D.C. annually hosts more than 3,000 permitted demonstrations and special events, some of which attract degrees of passion that exceeds even the abortion debate. If counter-demonstrators were able to use areas under permit to another's activities, its singular and cumulative impacts would cause significant public safety problems, confusion and disorder that are beyond the ability of limited police resources to control, and would deny participants their right to participate in their own permitted event, without being subjected to the unreasonable interference of others.

As you may know, besides demonstrating on the National Mall, the March For Women's Lives plan to conduct a parade that will start from the 14th Street Kickoff Stage, north up 15th Street, west on Constitution Avenue and north on 17th Street to Ellipse's midpoint then east across the Ellipse, north on 15th Street, east on Pennsylvania Avenue and then back to their 3rd Street Main Stage. In that regard, consistent with National Park Service regulations, you remain free to express your views outside but adjacent to March For Women's Lives' permitted demonstration areas.

With the enclosed permit 04-0754, you are authorized the use Federal park areas of Constitution Avenue south sidewalks from 3rd to 21st Streets, which will allow your activity to be seen and heard by the March For Women's Lives. In the event you desire to use other available park areas, pursuant to 36 C.F.R. § 7.96(g)(4)(iii)(A) we hereby propose several alternative park sites: a portion of Freedom Plaza and the areas adjacent to the FBI building and Old Post Office Pavilion sidewalks, all of which are on Pennsylvania Avenue and are ample alternative channels of communication. Indeed, Randall Terry's Society For Truth And Justice own demonstration under permit for some of the Pennsylvania Avenue sidewalks confirm that counter-demonstrators

3

have the ability to see and be seen by the March. Finally, insofar as some District of Columbia regulated areas may afford additional alternative areas, you may wish to consider contacting the District of Columbia to request use of public spaces under their jurisdiction.

If you would like to discuss use of any of the proposed alternative park areas, please contact Park Ranger Ron Blain at (202) 619-7225. In the event you wish to contest the Park Service's partial denial, however, we consider the matter ripe for judicial adjudication.

Sincerely,

Richard Merryman
Chief, Division of Park Programs

Enclosure: NPS Permit 04-0754 for use of Federal park areas of Constitution Avenue south sidewalks from 3rd -21st Streets

cc: James M. Henderson, Sr., Esquire
     American Center For Law & Justice

4



IN REPLY REFER TO.

# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

## PUBLIC GATHERING PERMIT

04-754                                    Date: April 6, 2004

In accordance with Park Regulations as contained in C.F.R., Title 36, Chapter 1, Section 7.96, permission is granted to conduct a public gathering to the following:

Person(s) and/or Organization(s): CHRISTIAN DEFENSE COALITION / GENERATION LIFE

Date(s): 04/25/2004                       To: 04/25/2004

Time:  Starting: 07:00 am                 Ending: 4:00 pm

Location(s):   Constitution Avenue south sidewalk from 21st Street to 3rd Street

Purpose(s):    PRAYER VIGIL AND DEMONSTRATION TO SPEAK OUT AGAINST ABORTION

Anticipated Number of Participants:  5000

Person(s) in Charge:   REV. PATRICK J. MAHONEY

Address(es):           P.O. BOX 77168, WASHINGTON, DC 20013

Telephone Nos. Day:    202-547-1735

This permit is granted subject to the following conditions:

1. Permittee and all participants authorized therein must comply with all of the conditions of this permit and with all reasonable directions of the United States Park Police.

2. All sidewalks, walkways, and roadways must remain unobstructed to allow for the reasonable use of these areas by pedestrians, vehicles and other park visitors.

---Please see the attached additional information and conditions.

PERMIT # 04-754; ISSUED TO: REVEREND PATRICK J. MAHONEY
CHRISTIAN DEFENSE COALITION / GENERATION LIFE
CONSTITUTION AVENUE SOUTH SIDEWALKS (SEE "PERMITTED LOCATION(S)"
MARCH 25, 2004 (8:00 A.M. - 4:00 P.M.)

## Page 2 of 4

3.  All laws, rules and regulations applicable to the area covered by this permit remain in effect.

4.  No fee may be collected, donation solicited, or commercial activity conducted. No items may be sold or offered for sale except for books, newspapers, leaflets, pamphlets, buttons and bumper stickers which contain a message related to your demonstration or special event. No other merchandise may be sold or offered for sale. A stand or structure used for the sale of permitted items may not exceed one table per site, which may be no larger than 2 1/2 feet by 8 feet or 4 feet by 4 feet. The dimensions of the sales site may not exceed 6 feet wide by 15 feet long by 6 feet high.

5.  The area should be left in substantially the same condition as it was prior to the activities authorized herein, and all litter shall be placed in the trash containers provided.

6.  This permit is applicable only for the use of the area designated above, and during the times designated above, or in any area as may hereafter be designated by the United States Park Police.

7.  The use of sound amplification equipment, other than hand-portable sound amplification equipment to be used for crowd control purposes only, is prohibited on the White House Sidewalk (South 1600 Pennsylvania Avenue, NW., sidewalk between East Executive Avenue and West Executive Avenue). All sound amplification equipment shall be limited so that it will not unreasonably disturb nonparticipating persons in, or in the vicinity of, the area.

8.  The National Park Service reserves the right to immediately revoke this permit at any time should it reasonably appear that the public gathering presents a clear and present danger to the public safety, good order or health, or if any conditions of this permit are violated.

Terry R. Carlstrom
Regional Director
National Capital Region

By:
Richard E. Merryman
Chief, Division of Park Programs
National Capital Parks-Central

PERMIT # 04-754; ISSUED TO: REVEREND PATRICK J. MAHONEY
CHRISTIAN DEFENSE COALITION / GENERATION LIFE
CONSTITUTION AVENUE SOUTH SIDEWALKS (SEE "PERMITTED LOCATIONS")
MARCH 25, 2004 (8:00 A.M. - 4:00 P.M.)

**Page 3 of 4**

**Event Overview:**
The stated purpose of this demonstration, with an estimated attendance from 100 to 5,000 participants, is a *"Prayer Vigil and demonstration to speak out against abortion"*. Participants plan to line the sidewalks in the permitted areas, displaying hand-held signs and possibly a 4-foot by 8-foot helium-filled display.

**Permitted Locations:**
South sidewalk of Constitution Avenue, NW, between 21st Street and eastward to intersection with Pennsylvania Avenue, west of 4th Street, NW, and, the south sidewalk of Constitution Avenue on Reservation 553.    *(Please see the attached map indicating permitted area)*

**Permitted Set-up:**
♦ Hand-held signs
♦ One (1) 4-foot by 8-foot helium-filled display (See conditions #13 & #14, below)

**Non-Permitted Locations:**
Pursuant to the attached letter dated April 7, 2004, your request for the use of the National Mall sidewalks is DENIED.

**Additional Site-Specific Conditions**

9) Additional Permits: The Permittee is responsible for obtaining the necessary permissions and/or permits from the Metropolitan Police Department at **(202) 727-4635**, or from other federal, state or local agencies or departments for the use of public lands other than those under the jurisdiction of the National Park Service.

10) The Permittee is responsible for providing all necessary equipment/objects to conduct this activity. All equipment must be removed from the park immediately following the conclusion of the event. Items left in the park will be considered abandoned property and will not be the responsibility of the National Park Service.

11) Unloading and loading of vehicles transporting portable equipment, materials and supplies that can be hand-carried or carted must take place from the street curb only. All other vehicles must park in designated, available public spaces.

12) The Permittee is asked to provide personnel to collect and dispose of any trash and debris generated as a result of this activity.

13) No attachments may be made to trees, shrubbery or other plantings, fences, benches, light standards, or any other park landscape element.

PERMIT # 04-754; ISSUED TO: REVEREND PATRICK J. MAHONEY
CHRISTIAN DEFENSE COALITION / GENERATION LIFE
CONSTITUTION AVENUE SOUTH SIDEWALKS (SEE "PERMITTED LOCATIONS")
MARCH 25, 2004 (8:00 A.M. - 4:00 P.M.)

### Page 4 of 4

14) No balloons of any type, glass containers, or alcoholic beverages are generally permitted on parkland.

> NOTE: This permit authorizes the use of one 4-foot by 8-foot helium-filled display. Special consideration must be given to assuring that the display is properly tethered and secured by assigned individuals at all times. (Also see condition #13, above).

15) Contact Park Ranger Ron Blain, National Capital Parks-Central, (202) 619-7225, with any questions concerning activity logistics.

16) Contact Sgt. Roxanne Brown-Ankney, United States Park Police, (202) 610-7092, with questions regarding United States Park Police logistics.

17) A complete copy of this permit must be retained on-site at all times by the Permittee while operating under the authority granted.

Case 1:04-cv-00630-GK   Document 4-7   Filed 04/20/04   Page 9 of 9

## Permit 04-754, Christian Defense Coalition / Generation Life

## Permitted Locations

Map showing permitted locations: Constitution Avenue South Sidewalk and Reservation 553, with landmarks including San Martin Park, Bolivar Park, Artigas Park, Vietnam Veterans Memorial, Constitution Gardens Lake, Lincoln Memorial, Reflecting Pool, Korean War Veterans Memorial, DC War Memorial, West Potomac Park, Washington Monument, Tidal Basin, Franklin, Pennsylvania Avenue National Historic Park, Old Post Office Tower, U.S. Navy Memorial, John Marshall Park, Mellon Park, and National Mall.