UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REV. PATRICK MAHONEY et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-cv-630 (GK) |
| | ) | |
| GALE NORTON et al., | ) | |
| | ) | |
| *Defendants*, | ) | |
| and | ) | |
| | ) | |
| THE MARCH FOR WOMEN'S LIVES, | ) | |
| | ) | |
| *Applicant for Intervention.* | ) | |

**Partially Unopposed Motion of
the March for Women's Lives
to Intervene as a Defendant and Counterclaimant**

The March for Women's Lives moves pursuant to Fed. R. Civ. P. 24 to intervene in this action as a defendant and counterclaimant. The grounds for this motion are stated in the accompanying memorandum.

As required by Fed. R. Civ. P. 24(c), we submit herewith a pleading setting forth the defense and counterclaim for which intervention is sought., as well as our proposed opposition to the plaintiffs' motion for a temporary restraining order and the declaration of Alice Cohan. We rely on the Cohan declaration in support of this motion to intervene and in opposition to the TRO motion.

Counsel for the government defendants have stated that they consent to this motion's being granted. Although counsel for the plaintiffs has been asked for their position on this motion, he has declined to state whether the plaintiffs consent to the motion or oppose it.

-2-

Respectfully submitted,


/s/ Neal Goldfarb
Neal Goldfarb, No. 337881
Carol Elder Bruce, No. 202200
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
(202) 454-2826
ngoldfarb@tighepatton.com
cbruce@tighepatton.com
*Attorney for the March for Women's Lives*

**Certificate of Service**

I HEREBY CERTIFY that copies of the foregoing motion to intervene and of the accompanying memorandum in support thereof; proposed answer and counterclaim; proposed order granting intervention; proposed opposition to plaintiff's motion for a temporary restraining order; declaration of Alice Cohan; and proposed order denying plaintiff's motion for a temporary restraining order were served on the following by email this 20th day of April, 2004:

> James M. Henderson, Sr., Esq.
> American Center for Law & Justice
> jmhenderson@aclj-dc.org
> JMHACLJ@aol.com
>
> Marina Utgoff Braswell, Esq.
> Assistant United States Attorney
> Civil Division
> marina.braswell@usdoj.gov

I FURTHER CERTIFY that both of the foregoing counsel have consented to being served by email.

/s/ Neal Goldfarb
Neal Goldfarb

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. PATRICK MAHONEY et al., )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>GALE NORTON et al., )<br>)<br>*Defendants*, )<br>and )<br>)<br>THE MARCH FOR WOMEN'S LIVES, )<br>)<br>*Applicant for Intervention.* ) | Civil Action No. _____ |

**Memorandum in Support of the Motion of
the March for Women's Lives
to Intervene as a Defendant and Counterclaimant**

The March for Women's Lives ("MFWL"), the movant here, is the group organizing the march and rally in support of reproductive rights and justice that will take place on the Mall this  Sunday, April 25. The plaintiffs here, anti-choice activists, seek to compel the Park Service to grant him a permit to hold a counterdemonstration *inside* the permit area for MFWL's demonstration.

That relief, if granted, would interfere with the March and infringe on the First Amendment rights of MFWL, its member organizations, and the participants in the March. Because MFWL's interest in protecting those rights may not be adequately represented by the government, MFWL is entitled it to intervene in this action as of right. In addition, permissive intervention is appropriate because MFWL wishes to assert defenses and a counterclaim having questions of law and fact in common with the claims and defenses asserted by the existing parties.

### A.  MFWL is entitled to intervene as of right.

Under Fed. R. Civ. P. 24(a), an applicant is entitled to intervene as of right when it "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Those requirements are satisfied here.

The relief sought in this action would have a direct impact on MFWL's First Amendment interests, by allowing anti-choice activists to hold a counterdemonstration inside MFWL's pro-choice demonstration. As shown by the Supreme Court's decision in *Hurley v. Irish-American Gay, Lesbian & Bisexual Group*,[1] MFWL has a substantial interest in ensuring that its rally is not used as a vehicle for messages it disagrees with. The Court in *Hurley* held that the organizers of Boston's St. Patrick's Day parade could not be compelled to include groups that expressed a viewpoint they disagreed with; the same is true of MFWL here. Indeed, MFWL is threatened with an even greater interference with its First Amendment rights than were the parade organizers in *Hurley*, for the counterdemonstrators' message here is not merely inconsistent with MFWL's views, but diametrically opposed to them.

Not only does MFWL have a direct interest in the subject matter of this action, but deciding the case without MFWL's participation would as a practical matter impair or impede MFWL's ability to protect those interests. A ruling in the plaintiff's favor would entitle the plaintiffs to hold their counterdemonstration inside MFWL's permit area. The

---

[1] 515 U.S. 557 (1995).

only way MFWL could protect its interests at that point would be to file a lawsuit of its own, seeking a contrary determination. Such a lawsuit would face substantial obstacles. There might not be time to prosecute it to decision, given that the rally will take place in less than a week. Moreover, MFWL would be faced with an unfavorable precedent in this case, which it would have to overcome. These factors would at a minimum impede MFWL's ability to protect its rights.

Indeed, the D.C. Circuit has addressed this exact point. As it explained in *Fund for Animals, Inc. v. Norton*, "Regardless of whether the [intervenor] could reverse an unfavorable ruling by bringing a separate lawsuit, there is no question that the task of reestablishing the status quo if the [plaintiff] succeeds in this case will be difficult and burdensome."[2] Thus, "'[i]t is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation.'"[3]

Finally, MFWL's interests may not be adequately represented by the existing parties. It is not clear whether the burden of proof on this point is on MFWL or on the plaintiffs,[4] but even if it is on MFWL, the burden is "minimal"[5] and it is amply satisfied. MFWL wishes to participate in this case to protect its own First Amendment rights and those of its member organizations and of the participants in the March. But the government has broader interests to promote. Although it has taken MFWL's rights into account in its decisionmaking, its job is to try to accommodate the interests of all the

---

[2] 322 F.3d 728, 735 (D.C. Cir. 2003).

[3] *Id.* (quoting *National Resources Defense Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977)).

[4] *See id.* at 736 n.7.

[5] *Id.* at 735.

competing parties—on the anti-choice side as well as the pro-choice side. It therefore is not singlemindedly devoted to protecting and promoting MFWL's interests. (This is shown, for example, by the fact that the government has offered the plaintiffs a demonstration site that MFWL objects to.[6])

Moreover, the government's agenda here is not the same as MFWL's. MFWL's interest here is in promoting the pro-choice cause and in communicating a pro-choice message. But this Administration is on record as opposing that cause, and is largely in agreement with the plaintiffs' anti-choice position. Although we don't mean to suggest that this will lead the government's attorneys to pull their punches, the fact remains that the interests they represent are quite different from MFWL's.

Thus, even though the government currently seeks the same outcome in this case that MFWL does, it is not an adequate representative for purposes of our request for intervention. This is shown, once again, by the D.C. Circuit's decision in *Fund for Animals*. In that case the court held that it was an abuse of discretion to deny intervention to a party that wished to support the government's position.[7] The overlap between the intervenor's position and the government's did not mean that the government could adequately represent the intervenor's interests; the government is obligated to represent the overall public interest as it perceives it, not to promote the narrower interests of individual litigants.[8] The same is true here.

---

[6] Cohan Decl. ¶ 17; Pltfs' Ex. 11.

[7] 322 F.3d at 736.

[8] 322 F.3d at 736–37; *see also, e.g., Trbovich v. United Mine Workers*, 404 U.S. 528, 539 (1972) (in suit against union brought by Secretary of Labor upon union member's complaint, the Secretary did not adequately represent the member's interests because he "has an obligation to protect the vital public interest

-5-

## B. Permissive intervention is also appropriate.

Even if MFWL were not entitled to intervene as a matter of right, this would be an appropriate case for allowing permissive intervention. Such intervention is allowed when "an applicant's claim or defense and the main action have a question of law or fact in common."[9] That requirement is satisfied here.

MFWL will assert in its defenses and counterclaim that the plaintiff has no right to conduct a counterdemonstration inside MFWL's permit area and that permitting him to do so would interfere with MFWL's own constitutional rights. Those arguments represent the converse of the plaintiffs' claims, and present exactly the same factual and legal issues.

Allowing MFWL to intervene will assist the Court in resolving this case because the March can provide the Court with a different perspective on the case than the government can. As we have noted, although MFWL's interests overlap with the government's, they are not identical. Our arguments will focus more on the First Amendment rights of MFWL and its member organizations and supporters than on the Park Service's regulatory scheme. We will also be able to provide the Court with evidence about MFWL's plans for its rally and about the harm MFWL would suffer if the plaintiffs were allowed to demonstrate within its permit area.

In ruling on a request for permissive intervention, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of

---

in assuring free and democratic union elections that transcends the narrower interest of the complaining union member").

[9] Fed. R. Civ. P. 24(b).

-5-

the original parties."[10] Allowing MFWL to intervene here would not have either of those effects. The intervention would not cause any delay; MFWL has filed this motion as soon after this action was commenced as is reasonably possible, and is prepared to litigate the action on an expedited basis. Nor will participation by MFWL prejudice the any of the existing parties' rights.

Respectfully submitted,

/s/ Neal Goldfarb
Neal Goldfarb, No. 337881
Carol Elder Bruce, No. 202000
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
(202) 454-2826
ngoldfarb@tighepatton.com
cbruce@tighepatton.com
*Attorney for the March for Women's Lives*

---

[10] Fed. R. Civ. P. 24(b).

-6-