UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REV. PATRICK MAHONEY et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-cv-630 (GK) |
| | ) | |
| GALE NORTON et al., | ) | |
| | ) | |
| *Defendants*, | ) | |
| and | ) | |
| | ) | |
| THE MARCH FOR WOMEN'S LIVES, | ) | |
| | ) | |
| *Intervenor.* | ) | |

**Answer and Counterclaim
of Intervenor March for Women's Lives**

**Answer**

Intervenor March for Women's Lives ("MFWL") responds as follows to the allegations of the complaint:[1]

1.   Denied.

2.   MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

3.   Denied.

4.   Denied.

5.   Admitted.

6.   Admitted, except that MFWL denies that the plaintiffs have been injured or that they are threatened with injury.

---

[1] Due to the limited time within which we must file this answer, the responses that follow are tentative, and may be subject to being amended after further review.

-2-

7. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

8. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

9. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

10. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

11. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

12. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

13. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied.

21. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

22. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

30. Admitted.

31. Admitted.

32. Denied.

33. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

34. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

35. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

36. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

37. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted, except that MFWL denies that the marchers will assembleon the Mall in the vicinity of the Lincoln Memorial.

44. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

45. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

46. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

47. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

48. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

49. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

50. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

51. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

-5-

52.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

53.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

54.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

55.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

56.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

57.  Admitted.

58.  Admitted.

59.  Admitted.

60.  Admitted.

61.  Admitted.

62.  Admitted.

63.  Admitted.

64.  Admitted, subject to the qualification expressed in Complaint ¶ 84.

65.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

66.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

67.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

68.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

69.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

70.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

71.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

72.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

73.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

74.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

75.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

76.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

77.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

78.  Denied.

79.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

80.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

81.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

82.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

83.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

84.  Admitted.

85.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

86.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

87.  Admitted, except that MFWL denies that the sidewalks are "broad."

88.  Admitted, except that MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the sidewalks are continuous throughout the Mall.

89.  MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

90.  This paragraph states a pure conclusion of law rather than an allegation of fact to which MFWL must respond.

91. Denied.

92. Denied.

93. Denied.

94. All of the preceding responses are incorporated here by reference.

95. MFWL admits that as a general proposition, speech of the sort described in this paragraph is protected in many contexts from suppression based on its content or viewpoint. MFWL denies that the proposed expressive activities at issue in this case are constitutionally protected to the extent that the plaintiffs wish to conduct those activities within MFWL's permit area. MFWL also denies that prohibiting the plaintiffs' proposed expressive activities in that context constitutes regulation on the basis of viewpoint or content.

96. MFWL admits that there are some circumstances in which the suppression of speech based on a third party's complaint about the content or viewpoint of that speech constitutes content- or viewpoint-based suppression. MFWL denies that all such instances constitute content- or viewpoint-based suppression. MFWL further denies that this case presents an instance of content- or viewpoint-based suppression.

97. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation, except that MFWL admits that the plaintiffs are seeking to conduct counterdemonstration activities on the Madison and Jefferson Drive sidewalks, within MFWL's permit area.

98. Denied.

99. All of the preceding responses are incorporated here by reference.

100. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

101. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

102. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

103. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

104. Denied.

105. Denied.

106. All of the preceding responses are incorporated here by reference.

107. This paragraph states a pure conclusion of law rather than an allegation of fact to which MFWL must respond.

108. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

109. MFWL admits that the Madison and Jefferson Drive sidewalks generally constitute traditional public forums, but lacks knowledge sufficient to form a belief as to the truth or falsity of the allegation that they always constitute a public forum.

110. MFWL admits that the plaintiffs' opposition to legalized is protected from suppression in a traditional public forum in some circumstances, but denies that it is protected in all circumstances, and in particular denies that the proposed counter-demonstration activity within MFWL's permit area is protected.

111. Denied.

112. All of the preceding responses are incorporated here by reference.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

118. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. All of the preceding responses are incorporated here by reference.

125. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

126. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

127. MFWL lacks knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

128. Denied.

129. Denied.

130.   This paragraph states a pure conclusion of law rather than an allegation of fact to which MFWL must respond. To the extent that a response is required, MFWL admits that such arrests and prosecutions often do not constitute the least restrictive means of serving a compelling governmental interest, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that such arrests and prosecutions are never the least restrictive means of serving a compelling governmental interest.

131.   Denied.

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The relief sought in the complaint would infringe upon the First Amendment rights of MFWL, of MFWL's member organizations, and of the organizations cosponsoring the March.

### Third Affirmative Defense

The plaintiffs have no right to conduct a counterdemonstration within the permit area previously granted to MFWL.

### Fourth Affirmative Defense

The plaintiffs' claims are barred by laches.

WHEREFORE intervenor March for Women's Lives requests that the complaint be dismissed with prejudice and that it be awarded its costs and reasonable attorney's fees.

**Counterclaim**

Intervenor March for Women's Lives ("MFWL") states as follows for its counterclaim against plaintiffs/counterdefendants Rev. Patrick J. Mahoney, Christian Defense Coalition, Brandi Swindell, and Generation Life.

Jurisdiction, Parties, and Venue

1.   This Court has jurisdiction over this counterclaim under 28 U.S.C. § 1331 because MFWL's claims arise under the Constitution and laws of the United States. In addition, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 because MFWL's claims constitute part of the same case or controversy as the plaintiff's claims.

2.   MFWL is an unincorporated association, the members of which are the American Civil Liberties Union, Black Women's Health Imperative, Feminist Majority, NARAL Pro-Choice America, National Latina Institute for Reproductive Health, National Organization for Women, and Planned Parenthood Federation of America.

3.   Plaintiff/counterdefendant Mahoney is a resident of Virginia. He directs the Christian Defense Coalition.

4.   Plaintiff/counterdefendant Christian Defense Coalition is an unincorporated religious association that purports to represent a national coalition of anti-choice activists.

5.   Plaintiff/counterdefendant Brandi Swindell is a resident of Idaho. She directs Generation Life.

6.   Plaintiff/counterdefendant Generation Life is an unincorporated association of young anti-choice activists.

7.   Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

Facts

8.    MFWL is the organizer of the March for Women's Lives, a rally and march in support of reproductive rights and justice that is to be held in the District of Columbia on Sunday, April 25, 2004. (We will use the term "the March" to refer to the March for Women's Lives as an event—both the rally and the march—as opposed to the group organizing the March.)

9.    MFWL expects more than 750,000 people to attend and participate in the March.

10. MFWL applied with the National Park Service for a demonstration permit for the March approximately one year ago, on April 23, 2003. The application requested a permit covering the entire Mall from 1st Street to the Washington Monument grounds.

11. The Park Service has issued MFWL a demonstration permit that defines MFWL's permit area to include, *inter alia*, "the National Mall between 3rd Street and 15th Street, bounded by and including the north and south sidewalks of Madison Drive and the north and south sidewalks of Jefferson Drive[.]"

12.   The plaintiffs in this action seek to compel the National Park Service to grant them a permit to hold a counterdemonstration during the March on the north and south sidewalks of Madison and Jefferson Drives in the National Mall, a location within the permit area granted to MFWL.

13. The plaintiffs stated in their permit application that the purpose of their demonstration is "to speak out against abortion." Thus, the message that the plaintiffs wish to convey within MFWL's permit area is diametrically opposed to the pro-choice message that MFWL and its member organizations wish their demonstration activity to convey.

14. The Park Service has denied the plaintiffs' application for a permit to hold a counterdemonstration within MFWL's permit area. The plaintiffs seek in this action to overturn that denial and to compel the Park Service to issue such a permit.

15. The Park Service has granted the plaintiffs a permit to conduct a counter-demonstration at a location outside MFWL's permit area: the south sidewalk of Constitution Avenue, N.W., between 3rd Street and 21st Streets. The March will pass through that area at multiple points, so this permit will enable the plaintiffs to communicate their message to those participating in the March. Indeed, it will permit them to communicate their message to more of the participants in the March than they would be able to reach from the Madison and Jefferson Drive sidewalks that are at issue in this case. This permit is therefore more than adequate to enable the plaintiffs to exercise their First Amendment rights.

16. In addition, the Park Service has offered the plaintiffs a permit to demonstrate on the west sidewalk of Fourth Street, N.W. between Constitution Avenue and Madison Drive, immediately adjacent to MFWL's permit area. The Park Service has made this offer over MFWL's objection.

17. The Park Service has also issued permits to other anti-abortion groups for locations along the route of the March. Thus, the anti-abortion viewpoint will be prominently expressed while the March is in progress.

18. MFWL and its member organizations recognize and respect the right of anti-abortion groups to express their views in a manner that does not interfere with the rights of MFWL, its member organizations, and the other participants in the March. However,

-14-

the plaintiffs' desire to hold a counterdemonstration inside MFWL's permit area does not fall into that category.

## Claim for Relief

19. The allegations of ¶¶ 1–18, above, are incorporated here by reference.

20. Permitting the plaintiffs to conduct their counterdemonstration within the permit area granted to MFWL would unreasonably disrupt and interfere with the March and would impair the First Amendment rights of MFWL and its member organizations.

21. Permitting the plaintiffs to conduct their counterdemonstration within the permit area granted to MFWL would cause MFWL and its member organizations to suffer irreparable injury.

22. MFWL and its member organizations have no adequate remedy at law.

23. There exists an actual controversy regarding the plaintiffs' claim that they are entitled to conduct a counterdemonstration within MFWL's permit area.

WHEREFORE, MFWL requests—

A.  A declaratory judgment to the effect that (a) the plaintiffs have no constitutional right to conduct a counterdemonstration within MFWL's permit area and (b) that for the Park Service to grant them a permit to do so would violate the First Amendment rights of MFWL and its member organizations.

B.  Its costs of suit, including reasonable attorney's fees.

C.  Such other and further relief as may be just and proper.

Respectfully submitted,


/s/ Neal Goldfarb

Neal Goldfarb, No. 337881
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
(202) 454-2826
ngoldfarb@tighepatton.com
*Attorney for the March for Women's Lives*